[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-13819
_____

D.C. Docket No. 3:12-cv-00548-MCR-EMT


FEDERAL DEPOSIT INSURANCE CORPORATION,
Gulfsouth Private Bank,

Plaintiff -
Counter Defendant -
ThirdParty Defendant ,


versus


WILLIAM L. AMOS,

Defendant -
ThirdParty Plaintiff -
Counter Claimant -
ThirdParty Defendant -
Counter Defendant - Appellee,


INNOVATION TREND SETTERS OF AMERICA LLC,

Defendant,

ZTF FAMILY LP,
AMT LLC,

ThirdParty Plaintiffs -
Counter Claimants -
Appellants,

RODERIC M. WRIGHT,

ThirdParty Defendant -
Counter Defendant -
ThirdParty Plaintiff -
Counter Claimant -
Appellant,

BARBARA WRIGHT,

Interested Party - Appellant,

STEPHEN BUNYARD,

ThirdParty Plaintiff,

JOSEPH STORY,

ThirdParty Defendant.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(September 26, 2017)

2

Before JULIE CARNES and JILL PRYOR, Circuit Judges, and CONWAY,[*] District Judge.

PER CURIAM:

After a bank brought a collection action against William L. Amos for millions of dollars in loans that Amos personally guaranteed for a new real estate development company, Amos filed a third-party complaint against his business partner Roderic M. Wright for fraudulent inducement.  Wright and alleged third-party beneficiaries counterclaimed for fraud and breach of contract.  After a trial, the jury returned a verdict in favor of Amos on all claims.

Wright now appeals the district court's denial of his motion for judgment as a matter of law, admission of witness testimony about both the FBI's investigation into Wright and witnesses' past business dealings with Wright, exclusion of Wright's testimony as to the value of Amos's property, and failure to give two of Wright's requested jury instructions.  For the reasons stated below, we **AFFIRM** the district court.

We review the denial of a motion for judgment as a matter of law *de novo*, drawing all factual inferences in favor of the nonmoving party.  *Lipphardt v. Durango Steakhouse of Brandon, Inc.*, 267 F.3d 1183, 1186 (11th Cir. 2001).

---

[*]  Honorable Anne C. Conway, United States District Judge for the Middle District of Florida, sitting by designation.

Such a motion should be granted only if "the facts and inferences point so strongly and overwhelmingly in favor of one party that the Court believes that reasonable men could not arrive at a contrary verdict." *Id.* (quoting *Watts v. Great Atl. & Pac. Tea Co., Inc.*, 842 F.2d 307, 309-10 (11th Cir. 1988)).

For the first time on appeal, Wright argues that Amos could not reasonably have relied on Wright's misrepresentations. We do not consider this argument because "an issue not raised in the district court and raised for the first time in an appeal will not be considered."[1] *Access Now, Inc. v. Sw. Airlines Co.*, 385 F.3d 1324, 1331 (11th Cir. 2004) (internal quotation marks omitted). New fact-dependent arguments are "particularly" disfavored. *Id.* And the issue must have actually been raised; "mere recitation of the underlying facts" is insufficient. *Ledford v. Peeples*, 657 F.3d 1222, 1258 (11th Cir. 2011).

Because the question of reasonable reliance was never argued before the district court, Wright waived this argument. Even if we were to consider it, the record contains significant evidence that Amos's reliance was reasonable, so we

---

[1] This doctrine, however, is not absolute. Among other exceptions, we may consider a new issue if it "involves a pure question of law, and if refusal to consider it would result in a miscarriage of justice." *Access Now, Inc. v. Sw. Airlines Co.*, 385 F.3d 1324, 1332 (11th Cir. 2004). Neither exception applies here.

4

cannot conclude that a reasonable jury would have been unable to reach a verdict in favor of Amos.[2]

We review the district court's evidentiary rulings and refusal to give jury instructions for abuse of discretion. *Burchfield v. CSX Transp., Inc.*, 636 F.3d 1330, 1333 (11th Cir. 2011). The district court did not abuse its discretion by admitting witness testimony about the FBI's investigation into Wright and witnesses' past business dealings with him. Amos's testimony on the FBI investigation was relevant to establish when Amos learned of Wright's fraud and to show that he did not ratify the fraud. Wright did not object to any other witnesses' testimony on the investigation. Even if he had, their testimony on this matter was *de minimis* and had no prejudicial effect. Finally, witnesses' testimony as to Wright's past business dealings established the falsity of Wright's representations to Amos. The testimony was neither character evidence nor evidence of prior bad acts.

---

[2] Wright also argues that Amos affirmed or ratified Wright's fraud. Although this argument was properly raised in the district court, it is similarly unavailing. Suing for damages for fraudulent inducement ratifies the underlying contract, not the fraud. *See Mazzoni Farms, Inc. v. E.I. DuPont De Nemours and Co.*, 761 So. 2d 306, 313 (Fla. 2000). And the record contains multiple examples of Amos's conduct that demonstrate he rejected the fraud once he learned of it. *See Zurstrassen v. Stonier*, 786 So. 2d 65, 71 (Fla. 4th Dist. Ct. App. 2001) (explaining that a party must take a material act inconsistent with rejecting the fraud to ratify it). As the district court correctly recognized when rejecting Wright's motion, there is significant evidence on which a reasonable jury could rely to conclude that Amos had not ratified Wright's fraud.

The court also did not abuse its discretion by excluding Wright's testimony on the value of Amos's property.  Wright failed to establish his qualification to testify to the property's value, either as the property's owner or otherwise.  Finally, we conclude that the district court did not abuse its discretion by not giving Wright's requested jury instructions for two breach of contract defenses (ratification and anticipatory breach) because Amos did not bring breach of contract claims against Wright.

**AFFIRMED**.